**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0915n.06

No. 12-4570

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Oct 24, 2013

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| ZHITIAN ZHANG, | ) | |
| | ) | ON APPEAL FROM THE |
| Petitioner, | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| v. | ) | |
| | ) | |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE: ROGERS, GRIFFIN, and DONALD, Circuit Judges.

ROGERS, Circuit Judge. Chinese citizen Zhitian Zhang petitions for review of a decision of the Board of Immigration Appeals affirming the rejection of Zhang's application for political asylum by an Immigration Judge. The scant evidence Zhang presents on the record is insufficient to compel us to overturn the agency's finding that Zhang failed to meet his burden of proof that he is a "refugee." Because the agency was reasonable in finding that Zhang should have supported his claims with corroborating evidence, Zhang's petition must be denied.

Zhang is a native and citizen of the People's Republic of China who initially entered the United States as a nonimmigrant visitor for pleasure. After Zhang's visa expired, Zhang was issued a Notice to Appear alleging that he was deportable for not being a citizen and overstaying his visa without authorization. Zhang conceded the factual allegations that establish his removability and requested political asylum, withholding of removal, and relief under the Convention Against Torture.

Based on an unsworn statement accompanying Zhang's application for asylum and Zhang's live testimony at his removal hearing, his story is as follows:

While returning to China from travels in Southeast Asia on March 4, 2006, Zhang was arrested at Shenyang Taoxian International Airport by Chinese customs officials who had discovered a Falun Gong pamphlet among his belongings. The police questioned him about his relationship with Falun Gong, and when Zhang denied any association, the police told him he was "too stubborn" and beat him: "[T]wo policemen, one grabbing [Zhang's] left hand and the other [his] right hand, bent [his hands] onto [his] back, locked them on an iron grate and smashed [his] head with their fists." Zhang was sent to a detention center, where he was interrogated three times in four days and "suffered severe injuries physically and psychologically." On March 7, 2006, Zhang signed an agreement that he would report to the police station weekly, after which he was fined 5000 yuan, released, and placed under residential surveillance. Two days later on March 9, 2006, Zhang sought medical attention for a headache. Zhang claims that after this incident he reported to the Min Zhu police station about twenty times and was visited by the police at home. He also claims to have been terminated from his job. Questioning how he could "live in a country without freedom and human rights," Zhang arranged to come to the United States. Because he "fled during the period of residence surveillance," he claims that he would be arrested and jailed if he were to return to China.

Zhang submitted several documents to corroborate his story: his entry record into the United States; his Chinese passport documenting his travels throughout Asia in early 2006; a "receipt for special payment" made on March 8, 2006, in the amount of 5000 yuan, issued by the Sujiatun Public

Security Bureau; and a medical record from Sujiatan District dated March 9, 2006, about a complaint of "[h]ead trauma for twenty hours."

The Immigration Judge (IJ) denied Zhang's application for asylum, relying largely on an adverse credibility determination based on lack of detail, inconsistency, implausibility, and lack of corroboration. The IJ found that Zhang provided inadequate detail regarding the four-day detention, beatings, and interrogation or his interaction with police after he was released. The IJ emphasized inconsistencies between Zhang's testimony and the documentary evidence: while Zhang said that he was arrested on March 4, his passport indicates that he returned to China on March 3; Zhang claims that he was released on March 7, but the receipt for the fine is stamped with the date March 8; while Zhang claims that he waited until the second day after his release to see the doctor, the medical record indicates that his injury was sustained 20 hours before the appointment; and lastly, while Zhang stated that he went to the doctor for "severe headaches," the doctor's report indicated that he was diagnosed with dizziness and nausea. The IJ also found it implausible that Zhang would have been able to leave China so easily if he were actually under police surveillance, and faulted Zhang for not providing corroborating evidence from his family in China.

Furthermore, the IJ found that the treatment described by Zhang, even if true, did not amount to past persecution. Nor did Zhang demonstrate with corroborating evidence a well-founded fear of future persecution. The IJ then dismissed Zhang's claims for withholding of removal and relief under the Convention against Torture, which both require a greater showing than the asylum claim.

On appeal, the Board of Immigration Appeals (BIA) affirmed the IJ's decision, emphasizing the inconsistencies in Zhang's account and "his repeated insistence on the dates" even after being confronted with the inconsistencies. The BIA found Zhang's fear that his family would be persecuted for sending letters of corroboration to be "speculative," and thus upheld the IJ's findings that Zhang should have produced corroborating evidence and that such evidence was reasonably available. Zhang's petition for review followed.

This court's review of a final order of removal is governed by the Immigration and Nationality Act as amended by the Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 302 (codified at 8 U.S.C. § 1252). Under the Act, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). The IJ's decision need only be "supported by substantial evidence." *Hachem v. Holder*, 656 F.3d 430, 434 (6th Cir. 2011). "An IJ's credibility determinations are also considered findings of fact and are reviewed under the substantial evidence standard." *Id.* The need for and availability of corroborating evidence are also reviewed under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(D).

Although the IJ was extremely strict in making an adverse credibility finding that emphasized relatively minor, explainable discrepancies,[1] it was reasonable for the IJ to determine that Zhang should have supported his petition with corroborating evidence. Regardless of whether

---

[1] Zhang stated multiple times during the hearing that he was "nervous." Without an assessment of Zhang's nervousness by the IJ, however, we cannot evaluate how it may have affected the IJ's credibility determination.

Zhang's testimony is deemed credible, the IJ may still require corroborating evidence in order for Zhang to meet his burden of proof. 8 U.S.C. § 1158(b)(1)(B)(ii). "[W]here it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be provided." *Lin v. Holder*, 565 F.3d 971, 977 (6th Cir. 2009) (quoting *Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004)).

The record does not compel us to overturn the Board's determinations that Zhang should have provided corroborating evidence and that Zhang could have reasonably obtained such corroborative evidence. *See* 8 U.S.C. §§ 1229a(c)(4)(B), 1252(b)(4). Here, there is no evidence except Zhang's own testimony regarding the following critical elements of Zhang's case: (1) Zhang's connection to Falun Gong, (2) Zhang's visits to the police station and home visits from the police, and (3) interference with his livelihood on account of his political opinion. Zhang testified that his brother and wife were aware of his imprisonment and fine and that he has been in contact with them since arriving in the United States. Zhang's suggestion that his family would be harassed for sending supporting letters appears implausible as his wife was able to send him the fine receipt and the medical report. Because Zhang failed to prove persuasively that letter writing would subject his relatives to adverse consequences, we must uphold the BIA's determination that "such fear is speculative and does not establish that the Immigration Judge erred in finding such corroboration to be reasonably available."

Because it was reasonable to expect Zhang to bolster his testimony with corroborating evidence, we are not compelled to overturn the BIA's decision. We therefore DENY Zhang's petition for review.