NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0323n.06

No. 13-3922

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Apr 25, 2014*
DEBORAH S. HUNT, Clerk

WEI ZHENG,                                              )
                                                        )
    Petitioner,                     )
                                                        )  ON PETITION FOR REVIEW
v.                                                      )  FROM THE UNITED STATES
                                                        )  BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General,                  )  APPEALS
                                                        )
    Respondent.                     )
                                                        )
                                                        )

BEFORE: NORRIS, CLAY, and KETHLEDGE, Circuit Judges.

PER CURIAM. Petitioner Wei Zheng, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from the denial of his application for asylum and withholding of removal. We deny the petition for review.

Zheng was arrested at a Texas border patrol checkpoint in 2008. During a credible-fear interview with an asylum officer, Zheng asserted that police in China arrested, detained, and beat him for helping to distribute flyers about Falun Gong. After the asylum officer found that Zheng demonstrated a credible fear of persecution, the Department of Homeland Security issued a notice to appear charging Zheng with removability as an immigrant who, at the time of his application for admission, was not in possession of a valid entry document. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I). Conceding removability, Zheng submitted an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), in which

he claimed that the Chinese government persecuted him because of his involvement with Falun Gong and that he will be arrested and beaten if he returns to China. In a supplemental statement, Zheng asserted that he began practicing Falun Gong and attending demonstrations after his arrival in the United States and that the police frequently threaten and harass his family in China, directing his family to tell him to stop attending Falun Gong activities abroad and to come back to surrender.

After a hearing, an immigration judge ("IJ") denied Zheng's application and ordered his removal to China. The immigration judge concluded that: (1) Zheng failed to establish past persecution; (2) he was not credible and failed to establish through corroborating evidence or his own testimony a well-founded fear of persecution if he returns to China on account of his involvement with Falun Gong; (3) he failed to meet the higher standard for withholding of removal; and (4) he failed to demonstrate that it is more likely than not that he would be tortured if he returned to China.

On appeal, the BIA affirmed the IJ's determination that Zheng failed to provide credible testimony or sufficient corroboration. The BIA concluded that Zheng therefore failed to satisfy his burden of proving eligibility for either asylum or withholding of removal and that he also failed to demonstrate that it is more likely than not that he would be tortured if removed to China. Accordingly, the BIA dismissed Zheng's appeal.

In support of his petition for review, Zheng asserts that the BIA erred in finding that he was not credible and that he failed to properly corroborate his claims even if assumed credible. Therefore, Zheng contends, he should have been granted asylum and withholding of removal. Zheng has abandoned his claim for protection under the CAT by failing to assert it before this Court. *See Hachem v. Holder*, 656 F.3d 430, 433–34 (6th Cir. 2011).

Where, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). "To the extent the BIA adopted the immigration judge's reasoning, however, this Court also reviews the immigration judge's decision." *Id*. We review factual findings, including credibility determinations, for substantial evidence, reversing "only if any reasonable adjudicator would be compelled to conclude to the contrary." *Hachem*, 656 F.3d at 434.

With respect to the adverse credibility determination, Zheng contends that there was no discrepancy as to the number of policemen at the scene of his arrest. Zheng asserted in his credible-fear interview and in his application that only one policeman was present at his arrest but testified at the hearing that there were two policemen. This inconsistency is supported by the record. According to Zheng, whether he used a fake passport with his own name or someone else's name is "a nit-picky point." However, under the REAL ID Act, an adverse credibility determination may be based on inconsistencies regardless of whether the inconsistency goes to the heart of the applicant's claim. 8 U.S.C. § 1158(b)(1)(B)(iii); *El-Moussa v. Holder*, 569 F.3d 250, 256 (6th Cir. 2009); *see also Slyusar v. Holder*, 740 F.3d 1068, 1073 (6th Cir. 2014) ("[E]ven ancillary inconsistencies in a petitioner's testimony support adverse credibility determinations."). Citing cases from another circuit, Zheng argues that, to support an adverse credibility determination based on lack of responsiveness, the IJ was required to make a concurrent notation on the record that Zheng was being evasive or nonresponsive. However, this Court's case law does not include such a requirement. Instead, this Court only requires that an IJ state specific reasons for adverse credibility determinations. *See, e.g.*, *Abdulahad v. Holder*, 581 F.3d 290, 294–95 (6th Cir. 2009). In the instant case, the IJ gave specific examples of

Zheng's lack of responsiveness, noting that he "was not responsive to questions about his Falun Gong practices and had to be asked several times" and that he "gave vague answers" when asked about the tenets and benefits of Falun Gong. (A.R. 66). The IJ's finding that Zheng was not responsive is supported by the record, and we defer to that finding. *See Gjolaj v. Keisler*, 252 F. App'x 64, 68 (6th Cir. 2007). Zheng also challenges the finding that it was implausible that his parents were able to borrow 500,000 RMB to pay a snakehead to smuggle him out of China but not 200,000 RMB to pay for medical treatment for his mother's life-threatening illness. Zheng's post hoc explanation that he could earn substantially more money in the United States to pay off a loan is absent from the record and is not supported by evidence in the record. Contrary to Zheng's arguments, substantial evidence supports the adverse credibility determination.

Even assuming Zheng's credibility, the record does not compel the conclusion that he could not reasonably obtain certain corroborating evidence. *See* 8 U.S.C. §§ 1229a(c)(4)(B), 1252(b)(4). According to Zheng, the BIA's determination that his mother's letter had little probative value because she is an interested party unavailable for cross examination is inconsistent with its statement that he should have submitted his mother's medical records. Zheng ignores the fact that any medical records would have been prepared by a disinterested party and not his mother. Zheng also challenges the BIA's observation that there was no evidence establishing that the Chinese government punishes its citizens for practicing Falun Gong outside of China. He asserts that it is unreasonable to assume that he can provide corroboration when the State Department's country report is silent on this point. Zheng disregards his burden of proof. Zheng, not the government, must demonstrate a well-founded fear of persecution on account of his practice of Falun Gong while in the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(i). The country report's silence suggests that Zheng's claimed fear is

unfounded, not that he is exempt from meeting his burden. Zheng asserts that the BIA failed to consider the 2007 State Department profile of China, which states that "persons who participate in high-profile pro-democracy activities in the United States still run the risk of arrest and imprisonment should they return to China." (A.R. 212). Zheng does not claim to have engaged in pro-democracy activities in the United States; therefore, this information is irrelevant to his claim. Finally, Zheng contends that because the Chinese government is known to open and read international mail, he could not reasonably obtain letters from "aunt," the woman for whom he helped distribute Falun Gong flyers after she treated his mother's illness, and from Wei Ling, a friend who hid him from the police. Zheng, however, was able to obtain statements from other persons in China. *See Zhitian Zhang v. Holder*, 542 F. App'x 458, 461 (6th Cir. 2013). Therefore, Zheng has failed to demonstrate that he could not "reasonably obtain the evidence." 8 U.S.C. § 1229a(c)(4)(B).

The record does not compel a contrary conclusion regarding Zheng's failure to provide credible testimony or sufficient corroboration. Accordingly, we DENY Zheng's petition for review.