NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0396n.06

No. 16-4723

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 03, 2017
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JUAN GREGORIO MUNOZ-CANO, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| JEFFERSON B. SESSIONS, III, Attorney | ) APPEALS |
| General, | ) |
| | ) |
| Respondent. | ) |
| | ) |

BEFORE: GIBBONS, KETHLEDGE, and DONALD, Circuit Judges.

PER CURIAM. Juan Gregorio Munoz-Cano petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for withholding of removal and protection under the Convention Against Torture (CAT). As set forth below, we deny the petition for review.

Munoz-Cano, a native and citizen of Guatemala, entered the United States without inspection, allegedly in 2004. In 2011, after his arrest for driving under the influence, the Department of Homeland Security served Munoz-Cano with a notice to appear in removal proceedings, charging him with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). In a motion to change venue, Munoz-Cano admitted the factual allegations in the notice to appear and conceded removability as charged. Munoz-Cano subsequently submitted an application for withholding of removal and CAT protection based on his membership in a particular social group.

During the hearing before an immigration judge (IJ), Munoz-Cano testified that, when he was about seventeen years old, he began spending time with the Mara-18 gang on weekends, attending parties and soccer games. After three months, the local leader of the Mara-18 gang directed Munoz-Cano to kill someone to earn his gang tattoo. Munoz-Cano did not want to kill anyone and asked for some time. The leader told Munoz-Cano that he should come back in three days and that he would be killed if he did not do what he was supposed to do. Munoz-Cano never went back, hiding at his house. Gang members came looking for Munoz-Cano, but his parents told them that he was not home. After hiding at home for about fifteen days, Munoz-Cano decided to come to the United States. Munoz-Cano testified that, if he returns to Guatemala, the Mara-18 gang will search for him and kill him for abandoning the gang.

At the conclusion of the hearing, the IJ denied Munoz-Cano's application for withholding of removal and CAT protection and ordered his removal to Guatemala. The IJ found that Munoz-Cano, although credible, failed to adequately corroborate his claim and therefore failed to meet his burden of proof for withholding of removal. In the alternative, the IJ determined that Munoz-Cano's proposed group—men who were involved with a gang who left the gang without permission—did not constitute a particular social group under the Immigration and Nationality Act and that he failed to establish past persecution or a clear probability of persecution on account of his membership in the proposed group. As for his claim for CAT protection, the IJ found that Munoz-Cano failed to establish that it is more likely than not that he would be tortured by or with the acquiescence of the government in Guatemala.

The BIA dismissed Munoz-Cano's appeal. First, the BIA agreed with the IJ's determination that Munoz-Cano's proposed group lacked social distinction as required to constitute a particular social group. The BIA further found no error in the IJ's determination that Munoz-Cano failed to adequately corroborate his claim. With respect to Munoz-Cano's claim

for CAT protection, the BIA found no clear error in the IJ's determination that he failed to establish a clear likelihood that he would be tortured in Guatemala by members of the Mara-18 gang and, pursuant to its de novo review, determined that he failed to establish acquiescence by a government official in relation to his feared torture.

This timely petition for review followed. "Where, as here, the BIA issues its own decision rather than summarily affirming the IJ, the BIA decision is reviewed as the final agency decision, but the IJ's decision is also reviewed to the extent that the BIA adopted it." *Harmon v. Holder*, 758 F.3d 728, 732 (6th Cir. 2014). We review the agency's factual determinations for substantial evidence, reversing only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Dieng v. Holder*, 698 F.3d 866, 871-72 (6th Cir. 2012).

The BIA found no error in the IJ's determination that Munoz-Cano, while credible, did not adequately corroborate his claim for withholding of removal. "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *see* 8 U.S.C. § 1231(b)(3)(C). "The absence of such corroborating evidence can lead to a finding that an applicant has failed to meet [his] burden of proof." *Lin v. Holder*, 565 F.3d 971, 977 (6th Cir. 2009) (quoting *Dorosh v. Ashcroft*, 398 F.3d 379, 382 (6th Cir. 2004)). We may not reverse the finding as to the availability of corroborating evidence unless we find "that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

Substantial evidence supports the determination that Munoz-Cano failed to adequately corroborate his claim with reasonably available evidence and therefore failed to meet his burden

of proof for withholding of removal. As the BIA pointed out, the IJ reasonably expected corroborating evidence to establish an objective basis for Munoz-Cano's alleged fear, which was based on events that happened twelve years earlier. Munoz-Cano asserted that his family members in Guatemala could not provide affidavits because they feared retribution from the Mara-18 gang. This explanation was weakened by the fact that the family's neighbor submitted a notarized affidavit. Even if they were afraid of going to a notary, Munoz-Cano's family members could have sent letters to corroborate his claims. Munoz-Cano submitted a note demanding 600,000 quetzals that his father mailed him but failed to provide a letter from his father explaining how or when the note was received. His father's ability to send the note undercuts Munoz-Cano's explanation for the failure to send a letter. *See Zhitian Zhang v. Holder*, 542 F. App'x 458, 461 (6th Cir. 2013) ("Zhang's suggestion that his family would be harassed for sending supporting letters appears implausible as his wife was able to send him the fine receipt and the medical report."). Munoz-Cano has failed to show that the record compels the conclusion that corroborating evidence from his family was unavailable.

The BIA agreed with the IJ's determination that Munoz-Cano's proposed group lacked social distinction as required to constitute a particular social group. To qualify for withholding of removal, Munoz-Cano must show a "clear probability" that, if removed to Guatemala, his "life or freedom would be threatened in that country because of [his] . . . membership in a particular social group." 8 U.S.C. § 1231(b)(3)(A); *see Zaldana Menijar v. Lynch*, 812 F.3d 491, 498 (6th Cir. 2015). To constitute a particular social group, the proposed group must be socially distinct—"that is, members of the group 'must be perceived as a group by society.'" *Zaldana Menijar*, 812 F.3d at 498 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 240 (BIA 2014)).

Substantial evidence supports the determination that Munoz-Cano's proposed group— men who were involved with a gang who left the gang without permission—lacked social

distinction as required to constitute a particular social group. The BIA has considered whether a similar group—"former Mara 18 gang members in El Salvador who have renounced their gang membership"—constituted a particular social group and found the proposed group lacking social distinction. *Matter of W-G-R-*, 26 I. & N. Dec. 208, 209 (BIA 2014); *see Zaldana Menijar*, 812 F.3d at 498-500 (upholding agency's determination that proposed group of former gang members lacked social distinction). Although Munoz-Cano submitted documentary evidence showing that Guatemala is a dangerous country with prevalent gang activity, he failed to submit any proof that his proposed group is perceived as a socially distinct group within Guatemalan society. *See Zaldana Menijar*, 812 F.3d at 499-500. The record does not compel a conclusion contrary to the determination that Munoz-Cano's proposed group lacked social distinction.

With respect to his claim for CAT protection, Munoz-Cano argues that the BIA failed to make a determination as to whether it is more likely than not that he would be tortured if he returns to Guatemala, asserting without explanation that the BIA failed to apply the proper legal standard. The IJ found that Munoz-Cano "failed to demonstrate that it is more likely than not that he would be tortured if he is returned to Guatemala." The BIA found no clear error in the IJ's determination that Munoz-Cano failed to establish "a clear likelihood that he would be tortured in Guatemala by members of the Mara 18." An IJ's "predictive findings of what may or may not occur in the future are findings of fact," which the BIA reviews under the clearly erroneous standard. *Matter of Z-Z-O-*, 26 I. & N. Dec. 586, 590 (BIA 2015). Because the BIA applied the correct standard, Munoz-Cano's argument fails.

For these reasons, we **DENY** Munoz-Cano's petition for review.